CUNNINGHAM, Plaintiff in error, v. STATE, Defendant in error.

*No. 75–873–CR.  Argued February 2, 1977.—Decided March 1, 1977.*
(Also reported in 251 N. W. 2d 65.)

For the plaintiff in error the cause was argued by *Mark Lukoff*, assistant state public defender, with whom on the brief was *Howard B. Eisenberg*, state public defender.

For the defendant in error the cause was argued by *William L. Gansner*, assistant attorney general, with whom on the brief was *Bronson C. La Follette*, attorney general.

ROBERT W. HANSEN, J.  For his participation in two separate armed robberies defendant was sentenced to two ten-year sentences, to run consecutively. He contends the imposition of these consecutive ten-year sentences constitutes an abuse of trial court discretion.

This court reviews sentences imposed by the trial court "only with the utmost reluctance."[1]  The stated reason for such reluctance to review is that ". . . the trial court has the advantage in considering all relevant factors, including the opportunity to observe the defendant."[2]

[1] *Cheney v. State,* 44 Wis.2d 454, 468, 469, 171 N.W.2d 339, 174 N.W.2d 1 (1969).

[2] *Id.* at 469.

Where review of sentences imposed is sought and secured, we have made clear that ". . . the trial court's sentence would be upheld if the record showed a reasonable process of reasoning based upon legally relevant factors."[3] Under no circumstances will this court substitute its preference for a particular sentence ". . . merely because, had they been in the trial judge's position, they would have meted out a different sentence."[4] As this court has made clear, ". . . all an appellate court can ask of a trial judge is that he state the facts on which he predicates his judgment, and that he give the reasons for his conclusion. . . . If there is evidence that discretion was properly exercised, and the sentence imposed was the product of that discretion, the trial judge fully complies with the standard."[5]

Three primary factors which a trial court should consider in imposing sentence, our court has held, are ". . . the gravity of the offense, the character of the offender, and the need for protection of the public."[6] It is clear that the trial judge in the case before us did give con-

---

[3] *Bastian v. State,* 54 Wis.2d 240, 248, 194 N.W.2d 687 (1972).

[4] *McCleary v. State,* 49 Wis.2d 263, 281, 182 N.W.2d 512 (1971).

[5] *Id.* at 281, quoted and followed in *Bastian v. State, supra,* n. 3, at 248.

[6] *Rosado v. State,* 70 Wis.2d 280, 291, 234 N.W.2d 69 (1975), citing *McCleary v. State, supra,* n. 4, at 274–276. *See also: State v. Killory,* 73 Wis.2d 400, 409, 243 N.W.2d 475 (1976), the court noting: "The trial court emphasized defendant's educational background, the seriousness of the crime, defendant's degree of culpability, and the rights of the public. He was of the opinion that a sentence less than total confinement would unduly deprecate the seriousness of the offense." Affirming the circuit court's affirmance of the trial court sentence, this court set forth various factors relevant to sentencing, including ". . . the defendant's personality, character and social traits . . . the vicious or aggravated nature of the crime . . . and the rights of the public." Citing *State v. Tew,* 54 Wis.2d 361, 367, 368, 195 N.W.2d 615 (1972).

sinderation to these three primary factors. In sentencing this defendant the trial court stated:

"This defendant committed two armed robberies. There was absolutely, in my view, no excuse for his participating therein. That is, next to murder and rape, the most serious offense known to the criminal code in this State, and in most states. This is a situation which in my view, based upon the conduct of the defendant and the nature of the offense, and the welfare of the community, requires that a term of imprisonment be imposed. . . . I feel that it's my responsibility in representing society and for the welfare, strange as it may seem, of this defendant as well, because of my view that he is in need of the benefits of a structured environment to properly channel his activities, and the sentences will be substantial. . . . They will take into consideration the plea of guilty, and his age, but bearing in mind that each of the offenses carries a potential sentence of thirty years, they are appropriate, in my view."

It is quite evident the trial judge considered (1) the gravity of the offense, (2) the character of the offender, and (3) the need for protection of the public. As to the sentences here imposed, the defendant contends the trial court gave too much weight to the nature and gravity of the offense and too little weight to the age and absence of a prior adult criminal record of defendant. Giving consideration to various relevant factors does involve a weighing and balancing operation, but the weight to be given a particular factor in a particular case is for the trial court, not this court, to determine.

Sentencing is a discretionary judicial act, and what is required is that discretion be exercised.[7] On appellate review, we will remand for resentencing or modify the

[7] *McCleary v. State, supra,* n. 4, at 277, quoting *State v. Hutnik,* 39 Wis.2d 754, 764, 159 N.W.2d 733 (1968), this court there holding: " '. . . there should be evidence in the record that discretion was in fact exercised and the basis of that exercise of discretion should be set forth.' "

sentence only when it appears that no discretion was exercised in the imposition of sentence or the discretion was exercised without the underpinnings of an explained judicial reasoning process.[8] Thus where a first offender was convicted of fire bombing a store[9] our court affirmed imposition of a maximum sentence based solely on the gravity of the crime involved.[10] Likewise, in a case involving the sentencing of a defendant found guilty of indecent behavior with a child our court affirmed the sentence imposed, holding: " The trial judge properly exercised his discretion when he based his determination upon the fact that Bastian's confinement for a lengthy period of time, would, for the term of his incarceration at least, protect society."[11]

It is clear that a sentence can be imposed which considers all relevant factors but which is based primarily on the gravity of the crime or the need to protect society. In the case before us the ten-year sentences were based on (1) the gravity of the offense, (2) the character of the offender, and (3) the need to protect society. They were well within the limits of trial court discretion.

[8] *Id.* at 278.

[9] *Cheney v. State, supra,* n. 1, at 468, 469.

[10] *Id.* at 468, 469. *See also: Bastian v. State, supra,* n. 3, at 246, this court commenting on the *Cheney* holding: "In *Cheney v. State* . . . we upheld a maximum sentence in a fire bombing case, even though the defendant had no prior record, had served honorably in the military service, and was a married man with children. We concluded that the seriousness of the offense was a proper criterion in imposing a maximum sentence."

[11] *Bastian v. State, supra,* n. 3, at 246, and this court stating at 247, 248: "[The trial judge] concluded that, although the defendant was a first offender, it was necessary to protect the public from further criminal activity of this nature by George Bastian. . . .

". . .

"The sentence imposed did not constitute an abuse of discretion."

As to the two sentences running consecutively, the state public defender's office would again urge this court to adopt guidelines providing that "Consecutive sentences are rarely appropriate," and limiting authorization to impose consecutive sentences ". . . only after a finding that confinement for such a term is necessary in order to protect the public from further criminal conduct by the defendant."[12]

While we would hold the consecutive sentences imposed are within the suggested guidelines anyway, we repeat our previous holdings that these limitations upon the imposition of consecutive sentences are not adopted in this state.[13] Our court has made clear that in this state sec. 973.15, Stats., expressly grants to trial courts the discretion to make a sentence concurrent or consecutive.[14] That statute provides: ". . . The court may impose as many sentences as there are convictions and may provide that any such sentence be concurrent or that it shall commence at the expiration of any other sentence. . . ."[15]

As was said of a sentence under the repeater statute, sec. 973.12, Stats., a trial judge ". . . clearly has discretion in determining the length of a sentence within the permissible range set by statute."[16] Just as clearly a trial judge has the same discretion in determining

---

[12] See: American Bar Association Standards Relating to Sentencing Alternatives and Procedures (Approved Draft, 1968) sec. 3.4(b).

[13] This court has specifically refused on numerous occasions to adopt the suggested standard. See: Ruff v. State, 65 Wis.2d 713, 223 N.W.2d 446 (1974); Weatherall v. State, 73 Wis.2d 22, 33, 34, 242 N.W.2d 220 (1976); Drinkwater v. State, 73 Wis.2d 674, 684, 245 N.W.2d 664 (1976).

[14] State v. Shears, 68 Wis.2d 217, 247, 248, 229 N.W.2d 103 (1975).

[15] Sec. 973.15(1), Stats.

[16] Hanson v. State, 48 Wis.2d 203, 207, 179 N.W.2d 909 (1970).

whether sentences imposed in cases of multiple convictions are to run concurrently or consecutively. The same test set forth above concerning trial court discretion in determining the length of a single sentence applies as well to a determination of whether the sentences imposed are to be served concurrently or consecutively. The same factors are involved.

In both situations it follows that the ". . . weight which is to be attributed to each factor is a determination which appears to be particularly within the wide discretion of the sentencing judge."[17] If there are limits to be placed upon such discretion, we make the same response as we did to the suggestion that time limits be placed on consecutive sentences: "Any suggestion that there be such a limit ought to be addressed to the legislature, not this court."[18]

Up to now the legislature of this state has not seen fit to adopt the recommendation of the ABA. Rather it has provided that the imposition of multiple consecutive sentences is within the discretion of the trial court. *See,* sec. 973.15(1), Stats. In the instant case the trial judge exercised such discretion in meting out two ten-year sentences to run consecutively. No abuse of discretion is to be found in the trial judge here making such determination.

*By the Court.*—Judgment and order affirmed.

---

[17] *Ocanas v. State,* 70 Wis.2d 179, 185, 233 N.W.2d 457 (1975).
[18] *Weatherall v. State, supra,* n. 13, at 34.