STATE of Wisconsin, Plaintiff-Respondent,

v.

Dallas K. ANDERSON, Defendant-Appellant.†

Court of Appeals

*No. 90-2596-CR. Submitted on briefs April 15, 1991.—Decided May 14, 1991.*

(Also reported in 471 N.W.2d 279.)

---

†Petition to review denied.

---

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Jack E. Schairer* and *John Tompos,* assistant state public defenders, of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Sharon Ruhly,* assistant attorney general, of Madison.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   Dallas Anderson appeals a judgment of conviction for five counts of sexual assault and one count of false imprisonment. Anderson contends that the court erred by permitting three witnesses to testify to the victim's character for truthfulness when the victim's character for truthfulness had not been put in issue. Anderson also contends that the court erred by failing to articulate a specific rationale for imposing consecutive sentences, that the lack of guidelines for imposing consecutive sentences violated due process and that the court abused its discretion by imposing excessive sentences. Because the trial court properly exercised its discretion by both admitting character evidence and sentencing, we affirm.

Anderson was charged with multiple counts of sexual assault. Anderson maintained that the sexual contact was consensual while the victim testified that Anderson restrained her against her will and sexually assaulted her. After the conclusion of the defense's case-in-chief, the state sought to call rebuttal witnesses to testify to the victim's character for truthfulness. The court permitted the testimony, ruling that the discrepancies between Anderson's and the victim's testimony put the credibility of both in issue. The court concluded that the victim's credibility was attacked by Anderson's specific and

direct denials to portions of her testimony and that her character for truthfulness was thus placed in issue.

The jury convicted Anderson on five counts of sexual assault and one count of false imprisonment. The trial court imposed maximum consecutive sentences, totaling eighty-two years.

Anderson first argues that the court erred by ruling that the victim's character for truthfulness had been placed in issue, thereby permitting the state to call three witnesses attesting to the victim's character for truthfulness. Anderson asserts that the court confused credibility with the character trait for truthfulness and violated sec. 906.08(1), Stats., which provides:

> (1) Opinion and reputation evidence of character. . . . [T]he credibility of a witness may be attacked or supported by evidence in the form of reputation or opinion, but subject to these limitations: a) the evidence may refer only to character for truthfulness or untruthfulness, and b), except with respect to an accused who testifies in his own behalf, evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.

Anderson contends that while the victim's testimony was contradicted, her character had not been attacked and, therefore, the court erred by permitting evidence of her truthful character.

■■■■

We first address the question of which standard of review to apply. Anderson argues that because resolution of this issue requires the construction of sec. 906.08(1), Stats., we are presented with a question of law that we review without deference to the trial court's determination. The state argues that while the interpretation of an

evidentiary rule presents a question of law, the decision whether to admit evidence is reviewed under an abuse of discretion standard. The state proposes the proper rule. In so holding, we are mindful that a misapplication or erroneous view of the law constitutes an abuse of discretion. *State v. Hutnik,* 39 Wis. 2d 754, 763, 159 N.W.2d 733, 737 (1968). Accordingly, while a court's decision whether a witness's character for truthfulness has been sufficiently attacked to allow rehabilitating character evidence is discretionary, a court abuses its discretion if it bases its decision on an erroneous view of sec. 906.08(1).

Several reasons compel our decision. First, this court traditionally reviews questions concerning the admissibility of evidence under the abuse of discretion standard. *State v. City of La Crosse,* 120 Wis. 2d 263, 268, 354 N.W.2d 738, 740 (Ct. App. 1984). Second, Wisconsin adopted the federal advisory committee's notes to Fed. R. Evid. 608 that suggest this is a discretionary determination: "Whether evidence in the form of contradiction is an attack upon the character of the witness must depend upon the circumstances." SCR, 59 Wis. 2d R171, R174.[1] An evaluation of the circumstances in the trial setting calls for the exercise of discretion. Finally, the trial court is best able to judge whether, in the totality of the circumstances, contradictory evidence constitutes an attack on the witness's character. We can read the transcript, but we cannot gauge the witnesses' demeanor and the tone and tenor of their testimony.

We find additional support in treatises and other jurisdictions. McCormick states that the "more sensible view is the notion that the judge should consider in each case whether a particular impeachment for inconsis-

---

[1] Section 906.08, Stats., is virtually identical to Fed. R. Evid. 608.

tency or a conflict in testimony, or either of them, amounts in net effect to an attack on character for truth and should exercise his discretion accordingly to admit or exclude the character-support." McCormick On Evidence § 49 at 118 (3d ed. 1984). In *Blakely v. Bates,* 394 N.W.2d 320, 323 (Iowa 1986), the Iowa Supreme Court noted the trend in appellate courts to grant trial courts considerable discretion in determining whether to allow supportive character evidence following an attack on a witness's credibility.

We emphasize that most contradictions in testimony will not raise the issue of a witness's character for truthfulness. Many discrepancies may be explained by good faith error, differing vantage points from which an event is perceived or an honest difference in recollection. These are not the types of contradictions that place a witness's character in issue.

Even when the contradiction between witnesses cannot otherwise be explained, the witness's character for truthfulness is not necessarily placed in issue. Anderson correctly observes that there is a difference between credibility and character for truthfulness. Juries must always judge the credibility of the various witnesses and will often be called upon to reach a verdict based upon which witness they perceive as most credible. Also, a witness's credibility may be impugned by numerous methods, but only when it is impugned by an attack on the witness's character for truthfulness may a court allow supportive character evidence. The mere fact that a witness is contradicted does not constitute an attack on the witness's character. *United States v. Thomas,* 768 F.2d 611, 618 (5th Cir. 1985); *United States v. Danehy,* 680 F.2d 1311, 1314 (11th Cir. 1982).

■ If, however, the trial court believes that the nature of the evidence and the tone of the examinations, when considered as a whole, are tantamount to an accusation that a witness is lying, the court may permit the introduction of supportive character evidence. Courts must use this discretionary power with "special care and circumspection," *see Blakely,* 394 N.W.2d at 324, and balance the probative value of this collateral evidence against the danger that the jury will be confused or unfairly affected by the evidence and the time required to receive it. Section 904.03, Stats.

■ Having determined that this question involves the exercise of trial court discretion, we address the merits of Anderson's contention. At trial, the court ruled that Anderson's specific and direct denials of the victim's allegations constituted an attack on her credibility sufficient to put it in issue. At the postconviction hearing, the court stated that it based its decision not only on the discrepancy in testimony but that "the entire thrust of the defense was an assault, directly and indirectly, on the character and truthfulness of the witness, the victim . . .." In addition to the contradictory testimony, Anderson suggested the victim's story was fabricated by questioning her about statements she made during her trial testimony that were not included in her statement given to the police and by questioning her on the delay between the time of the assault and when she sought medical help and notified the police. Considering these circumstances and recognizing that the trial court was in a superior position to assess the tenor of the defense, we cannot say that the court abused its discretion by concluding that the victim/witness's character for truthfulness had been attacked.

Anderson next makes several challenges to the sentence he received. We will uphold the trial court's sentence if the record demonstrates a "reasonable process of reasoning based upon legally relevant factors." *Cunningham v. State,* 76 Wis. 2d 277, 281, 251 N.W.2d 65, 67 (1977) (quoting *Bastian v. State,* 54 Wis. 2d 240, 248, 194 N.W.2d 687, 691 (1972)).

■

Anderson first contends that the trial court abused its discretion by failing to articulate a specific rationale for making the sentences consecutive. We disagree. The court noted that while consecutive sentences are rarely appropriate, there was nothing to suggest that they are never appropriate. The court then stated that Anderson was "without question" a danger to the public and that it may be an understatement to say that Anderson had "terrorized" his victim. The court considered that Anderson had twice before been convicted of similar offenses and, despite substantial incarceration and treatment, had not been rehabilitated. The court stated that incarceration had only created intervals between Anderson's offenses and, therefore, Anderson had to be incarcerated for a substantial period of time in order to protect the public. The court also noted Anderson's apparent lack of remorse. The court thoroughly explained its rationale for imposing consecutive sentences.

■

Anderson also argues that the lack of guidelines for imposition of consecutive sentences violates due process because the defendant has no notice of the criteria the judge will use in determining whether to make the sentences consecutive. We disagree. While Wisconsin has not adopted specific guidelines for trial judges to follow when imposing consecutive sentences, the rule has

been that the factors that apply to the length of sentence also apply to whether sentences will run consecutively. *Id.* at 284–85, 251 N.W.2d at 69. These factors primarily include the gravity of the offense, the character of the defendant and the need to protect the public. *Id.* at 283, 251 N.W.2d at 67. The defendant is, therefore, on notice as to what factors the court will consider in deciding whether to impose consecutive sentences.

■

Anderson finally contends that his sentence was excessive. As previously noted, the trial court applies the same factors to sentencing length as to whether sentences will run consecutively. In this case, the court thoroughly examined the defendant's past record, his lack of remorse and the danger he presented to the public and concluded that maximum consecutive sentences were appropriate. The record demonstrates that the trial court reached a reasonable conclusion based on the legally relevant factors.

*By the Court.*—Judgment affirmed.