STATE of Wisconsin, Plaintiff-Respondent,†

v.

David J. PETERS, Defendant-Appellant.

Court of Appeals

*No. 91-0870-CR. Submitted on briefs August 16, 1991.—Decided December 17, 1991.*

(Also reported in 479 N.W.2d 198.)

†Petition to review dismissed.

On behalf of the appellant, the cause was submitted on the briefs of *Robert A. Adman,* of Appleton.

On behalf of the respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general and *Gregory M. Posner-Weber,* assistant attorney general.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. David Peters appeals a judgment convicting him of first-degree sexual assault, contrary to sec. 940.225(1)(b), Stats. (1987–88).[1] First, Peters contends that the trial court erroneously admitted hearsay testimony consisting of prior consistent statements made by the victim to three separate people, and that the erroneous admission of this testimony was prejudicial. Second, Peters argues that his trial counsel was ineffective. Third, Peters argues that the trial court abused its discretion by sentencing him to fifteen years' imprisonment.

We conclude that the trial court erred by admitting the prior consistent statements, and that this error prejudiced Peters. Therefore, we reverse the judgment of conviction and remand for a new trial. Because we reverse on this ground, we do not address Peters' remaining contentions.[2]

Peters was charged with first-degree sexual assault for acts he allegedly committed against J.P., a child under the age of twelve. J.P., Peters' niece, was born on June 1, 1975. J.P. testified at trial to various instances of sexual assault by Peters. She testified that Peters babysat for her family many times when she was a child and that one night Peters fondled her breasts and vagina, and engaged in vaginal sexual intercourse with her. She testified to another similar incident in the winter, but she could not remember whether it was before or after the first incident to which she testified. J.P. testified

[1]Subsection 1(d) was repealed by 1987 Wis. Act 332, which became effective July 1, 1989. *Compare* sec. 948.02(1), Stats. (1989–90), *with* sec. 940.225(1)(d), Stats. (1987–88).

[2]We do note, however, that we cannot ordinarily address a claim on appeal of ineffective assistance of counsel without the benefit of an evidentiary hearing on the matter at the trial court level.

that the second incident involved the fondling of her breasts and vagina, vaginal intercourse and fellatio. J.P. indicated that these incidents occurred either when she was in the second or third grade.

Three of J.P.'s classmates also testified on behalf of the state. Over Peters' objection that two of the girls' testimony was hearsay, the two testified that years after the alleged incidents occurred, J.P. discussed with them various instances of sexual assault Peters committed against J.P. K.T. testified that sometime when she was in middle school, J.P. told her "my uncle does things to me . . . he touched me." K.B. testified that J.P. told her in the eighth grade that J.P.'s uncle had sexual intercourse with J.P. when she was younger.

The testimony of R.O., J.P.'s third classmate to testify, was not objected to. She stated that in the summer between seventh and eighth grade J.P. told her that J.P.'s uncle "did things to [J.P.]."

In addition, Steven Conradt, the investigating officer, testified that J.P.'s testimony in court was the same as her earlier statement to him. Peters objected to this testimony on the grounds that Conradt had no personal knowledge of the events.

Peters testified on his own behalf. He admitted that he baby-sat for J.P., but denied all allegations of the sexual assaults. The jury convicted Peters of first-degree sexual assault.

Peters contends that the trial court erred by allowing J.P.'s two classmates, K.T. and K.B., to testify to statements J.P. made concerning the sexual assaults committed against her by her uncle, and by allowing Conradt to testify that J.P.'s testimony in court was the same as her previous out-of-court statements to him. The state asserts that Peters did not sufficiently preserve his objection to this testimony for appeal and that

these prior consistent statements were properly admissible.

 Whether a party objected to the admissibility of evidence in a manner sufficient to preserve the issue for appeal requires the application of sec. 901.03(1)(a), Stats., to an undisputed set of facts. This is a question of law that we review de novo. *State v. Maloney,* 161 Wis. 2d 127, 128, 467 N.W.2d 215, 216 (Ct. App. 1991). In order to preserve his right to appeal on a question of admissibility of evidence, a defendant must apprise the trial court of the specific grounds upon which the objection is based. *Holmes v. State,* 76 Wis. 2d 259, 271, 251 N.W.2d 56, 62 (1977). General objections which do not indicate the grounds for inadmissibility will not suffice to preserve the objector's right to appeal. *Id.* To be sufficiently specific, an objection must reasonably advise the court of the basis for the objection. *See id.*

 Peters objected to K.T.'s and K.B.'s testimony as hearsay. There is no dispute that the testimony of these two witnesses is hearsay and is inadmissible unless it fits into some exception to the hearsay rule. Section 908.02, Stats. We conclude that Peters adequately preserved his right to appeal the admissibility of this hearsay testimony because hearsay is precisely the objection to the testimony sought to be introduced. While the state argues that it is Peters' burden to point out to the court the missing element in an exception to the hearsay rule, it is the proponent's burden to prove that the evidence fits into a specific exception to the hearsay rule. Therefore, it was the state's burden in this case to prove that the proffered evidence was admissible.

■After Peters' hearsay objection to the girls' testimony was overruled, Peters objected to Conradt's testimony on the basis that Conradt had no personal knowledge of the sexual assaults suffered by J.P. Although Peters did not use the word "hearsay" to object to Conradt's testimony, we conclude that this objection sufficiently apprised the trial court of the hearsay nature of this testimony. Lack of personal knowledge is but another way of asserting a hearsay objection. A lay person with no personal knowledge only knows things that have been told to him by others. Therefore, such testimony will necessarily have hearsay implications. Thus, because Peters had just objected to similarly offered testimony by other witnesses on hearsay grounds, and because he objected to Conradt's testimony on the basis that Conradt had no personal knowledge of the sexual assaults, his objection to Conradt's testimony was sufficiently specific to reasonably apprise the court that his objection was based on hearsay grounds.

■Because we conclude that Peters preserved his right to appeal the admission of K.T.'s, K.B.'s and Conradt's testimony, we address the merits of his objections. While the admissibility of evidence is generally a question addressed to the trial court's discretion, a trial court abuses it discretion if it makes an error of law. *State v. Mares,* 149 Wis. 2d 519, 525, 439 N.W.2d 146, 148 (Ct. App. 1989). The application of the hearsay rules embodied in secs. 908.01 and 908.03, Stats., to the undisputed facts before us is a question of law. *See Mares,* 149 Wis. 2d at 525, 439 N.W.2d at 148.[3]

---

[3]The standard of review we apply in this case is not in conflict with the standard we applied in *State v. Anderson,* 163 Wis. 2d 342, 471 N.W.2d 279 (Ct. App. 1991). While in *Anderson*

■ The state contends that the testimony falls within an exception to the hearsay rule. First, it argues that the testimony falls within sec. 908.01(4)(a)2, Stats. Otherwise, the state asserts that it falls within the residual exception found in sec. 908.03(24).

Section 908.01(4)(a)2, Stats., provides in relevant part:

> (4) Statements which are not hearsay. A statement is not hearsay if:
> (a) Prior statement by witness. The declarant testifies at the trial . . . and the statement is:
> . . ..
> 2. Consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive
> . . ..

Therefore, to qualify as an admissible prior consistent statement, not only must the prior statements be consistent with the declarant's testimony at trial, but they must also be offered to rebut an express or implied charge of recent fabrication or improper influence or motive. *Mares*, 149 Wis. 2d at 525–26, 439 N.W.2d at 148. At issue in this case is the requirement that the prior statement rebut an express or implied charge of recent fabrication or improper influence or motive.

■ Peters argues that there was no charge, implied or express, of recent fabrication or improper influence or

---

we accorded great deference to the trial court's admission of evidence, we cannot accord the trial court such deference in this case because there was no finding that Peters made an express or implied charge of recent fabrication or improper influence or motive.

motive. The state contends that because Peters' opening statement characterized the issues in the case as revolving around credibility, the opening statement implied that J.P. either recently fabricated the story, was improperly influenced or had some type of improper motive. We disagree with the state's contention.

Peters' opening statement suggested to the jury that his version of the events would be honest and truthful and asked the jury to evaluate the testimony of the parties involved. This does not equate to a charge of recent fabrication or improper influence of motive. Peters merely asked the jury to believe him. We doubt that Peters' mere request to the jury to believe his story is necessarily a charge that J.P. was lying. However, even if it can be so construed, an allegation that a person is lying, standing alone, is not sufficient to render admissible the prior consistent statements. The allegation must be that the fabrication is recent or based upon an improper influence or motive. This requirement exists because the prior consistent statements must predate the alleged recent fabrication or improper influence or motive before they have probative value.

The rationale underlying the prior consistent statement exception to the hearsay rule is that if a witness can demonstrate that she had related a version of the events consistent with her courtroom testimony before the recent fabrication, improper influence or motive arose, the existence of a prior consistent statement rebuts the charge of recent fabrication or improper influence or motive. *See* 4 Wigmore on Evidence § 1129 (1972). However, absent a charge of recent fabrication or improper influence or motive, evidence of a prior consistent statement does not make courtroom testimony more credible. Because there was no evidence of an express or implied charge of recent fabrication or

177

improper influence or motive in this case, the testimony regarding J.P.'s prior consistent statements was inadmissible hearsay.

Next, the state contends that the testimony falls within the residual exception to the hearsay rule. We disagree. Section 908.03(24), Stats., provides that "[a] statement not specifically covered by any of the foregoing exceptions but having comparable circumstantial guarantees of trustworthiness" may be admitted as an exception to the hearsay rule. This exception was designed "because not every hearsay contingency was anticipated by specific rules . . . [I]ts use was intended to allow admission of evidence under new and unanticipated situations . . .." *State v. Sorenson,* 143 Wis. 2d 226, 243, 421 N.W.2d 77, 83 (1988).

Here, the testimony concerned prior consistent statements of the alleged victim. Prior consistent statements were anticipated when the hearsay rule was created, and their admission is limited to circumstances under which the requirements of sec. 908.01(4)(a)2, Stats., are met. It was determined that only when these requirements are met is there a sufficient guarantee of trustworthiness and reliability to warrant admissibility.

We are reluctant to use the residual exception to the hearsay rule to permit the admission of statements specifically found inadmissible in another section of ch. 908.01, Stats. Nonetheless, we recognize that the supreme court's analysis in *Mitchell v. State,* 84 Wis. 2d 325, 267 N.W.2d 349 (1978), compels further examination of the state's contention.

The state contends that the statements made by J.P. to her friends are admissible under the residual exception to the hearsay rule because the circumstances surrounding these declarations provide a guarantee of

178

trustworthiness and reliability. It is difficult to completely evaluate the circumstances in which these statements were made because they were neither offered nor received in evidence on such a theory. The state, however, asserts that statements made by an eighth grade girl in confidence to her closest friends concerning sexual assaults committed by her uncle when she was a child are sufficiently trustworthy and reliable to render them admissible.

We note that this theory does not address the statement J.P. made to Conradt which was also admitted. Moreover, we cannot conclude that an eighth grade girl's confidential reports to her teenage friends of being sexually assaulted provide sufficient guarantees of trustworthiness to be admissible. While these confidential conversations between young teenage girls may have occurred because the events described actually took place, we cannot conclude that the circumstances suggest only this interpretation. There are other possible explanations for why a teenage girl might make such statements to her friends including a desire for attention, revenge or mischief. We are not saying that such reasons motivated J.P. in this case. However, it is precisely because we cannot tell from the circumstances in this case whether the statement was motivated by the truth or other factors that we must conclude the statements are inadmissible under the residual exception. Whether J.P. is telling the truth is the issue to be submitted to the jury, and it is the jury's function to weigh her testimony against that of Peters.

Before otherwise inadmissible statements can be admitted under the residual exception, we must be confident that there are guarantees of trustworthiness sufficient to allow the jury to depend on such evidence to

make decisions of the utmost importance. The circumstances surrounding the prior statements in this case do not give us such confidence. If the mere fact that a teenage girl confidentially told her friends that she was sexually assaulted when she was younger, was sufficient to render such declarations admissible, we would essentially abolish the prohibition against the admission of prior consistent statements in sexual assault cases. We therefore conclude that these statements are not admissible under sec. 908.03(24), Stats.

Our next inquiry is whether the wrongful admission of this hearsay testimony at trial was harmful. We must reverse for a new trial if there "is a reasonable possibility that the error contributed to the conviction." *State v. Dyess,* 124 Wis. 2d 525, 543, 370 N.W.2d 222, 231 (1985).

K.T.'s and K.B.'s testimony was very specific in nature. Their testimony offered specific corroboration of J.P.'s statement that she was sexually assaulted by her uncle. Moreover, their testimony implied that other uncharged acts of sexual contact occurred between J.P. and Peters. Conradt also attempted to corroborate J.P.'s testimony in court by asserting that everything she testified to in court regarding the sexual assaults was the same as her previous statement to him.

We conclude that given the specific nature of the inadmissible testimony, the number of inadmissible statements admitted, the implication that additional uncharged sexual assaults occurred, and the lack of other evidence corroborating the sexual assaults, that there is a reasonable possibility that the improper admission of the testimony contributed to the conviction.

180

■

The admission of R.O.'s unobjected-to testimony does not alter our conclusion. R.O. testified that J.P. told her "my uncle did things to me." K.T.'s and K.B.'s testimony consisted of explicit references to instances of sexual assault while R.O.'s did not. Unlike R.O.'s testimony, K.T.'s and K.B.'s testimony offered specific corroboration of J.P.'s statements that she was sexually abused by her uncle. Therefore, we conclude that there is a reasonable possibility that the improperly admitted testimony contributed to Peters' conviction notwithstanding the admission without objection of other less specific prior statements of the victim.

*By the Court.*—Judgment reversed and cause remanded with directions.