STATE of Wisconsin, Plaintiff-Respondent,

v.

Hugo A. HERNANDEZ, Defendant-Appellant.

Court of Appeals

*No. 94–1208–CR. Submitted on briefs January 18, 1995.—Decided February 22, 1995.*

(Also reported in 531 N.W.2d 348.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Richard Hahn* of *Holden & Hahn, S.C.*, of Sheboygan.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *G.M. Posner-Weber*, assistant attorney general.

Before Anderson, P.J., Brown and Nettesheim, JJ.

BROWN, J.   Hugo A. Hernandez appeals his convictions of two counts of sexual contact with a thirteen-year-old babysitter contrary to § 948.02(2), STATS., and an order denying his motion for a new trial. He claims the trial court erred by allowing an expert to testify about how a sexual assault victim's memory of the assault can be traumatized, how there is often a lack of physical evidence of an assault and how only one percent of child assault accusations are fabricated. He also asserts that testimony about the complainant's reputation for truthfulness was improper. He further argues

that a hypothetical addressed to the state crime lab expert was improper as was the verdict form. We reject each argument and affirm.

The facts regarding the assaults of the babysitter are, for the most part, irrelevant to the issues on appeal. We will therefore address the facts only as they relate to the specific issues.

The first issue concerns the State's expert on child sexual abuse. Over objection, the expert was permitted to answer questions by the prosecutor relating to how a sexually abused child's memory of the assault is traumatized by the event. The expert was further allowed to testify about how there is generally a lack of physical evidence of sexual abuse. Hernandez claimed then, and claims now, that these questions fall outside the acceptable boundaries relating to expert testimony on child sexual abuse. Hernandez cites *State v. Jensen,* 147 Wis. 2d 240, 432 N.W.2d 913 (1988), and *State v. Robinson,* 146 Wis. 2d 315, 431 N.W.2d 165 (1988), as setting forth the proper parameters.

Hernandez reads these cases to say that Wisconsin law only allows an expert to explain to the jury the *behavioral* characteristics of a typical child victim of sexual assault. *Jensen,* 147 Wis. 2d at 256, 432 N.W.2d at 920. He claims that testimony about lapses in memory have nothing to do with how a child "reacts" or "behaves" following an assault. He asserts that, instead, the testimony about memory is really a comment about the way a child testifies in court. He notes that the complainant's testimony was contradictory and claims that the expert was allowed to explain away the faulty testimony. Therefore, the expert opinion was actually a comment on the complainant's credibility. Similarly, he argues that the expert's opinion about the lack of physical evidence was merely a way to soften

the prosecution's lack of evidence to support its burden of proof.

We disagree. The expert opined that faulty memory is a condition related to the child's behavior after the crime occurs. Just as the jury may be helped with information about why a child acts in a way that is contrary to expected human behavior regarding such things as waiting for awhile before telling an adult about the assault or acting out sexually with playmates or toys, faulty memory is also a behavioral change. The trial court could, and undoubtedly did, decide that expert opinion evidence on faulty memory would be valuable to the factfinder because it is something outside the realm of everyday experiences normally understood by a juror. It is information about the child's behavior that the jury might otherwise "attribute to inaccuracy or prevarication." *State v. Lindsey*, 720 P.2d 73, 75 (Ariz. 1986). We hold that the expert's opinion about faulty memory lies within the dictates of *Jensen*.

Likewise, while opinion evidence about the lack of physical evidence is not related to a child's postassault "behavior," it *is* related to the "characteristics" found in child sexual assault victims. Expert testimony of general characteristics of child sexual assault victims is admissible to assist the jury in understanding that physical evidence of the assault is not a common occurrence. Absent this testimony, which is beyond the normal ken of jurors, the jury may attribute the lack of physical evidence to prevarication. While the evidence is not "behavior" evidence in the sense discussed by *Jensen*, neither does it run afoul of the *Jensen* dictate that commonly observed indicators of sexual assault of children may be presented to a jury by an expert. *See Jensen*, 147 Wis. 2d at 256-57, 432 N.W.2d at 920. We

conclude that the expert's opinion was not testimony about whether the complainant was telling the truth, but was a characteristic which the jury could use to better understand the evidence before the court.

Hernandez has one further complaint about the expert. He claims that the expert ran afoul of *Jensen* when she was allowed to opine that only one percent of the children claiming sexual assault fabricate the account. We reject this argument because of the doctrine of invited response. *See State v. Wolff*, 171 Wis. 2d 161, 168, 491 N.W.2d 498, 501 (Ct. App. 1992). It was Hernandez himself who brought up the question during cross-examination of the expert, asking whether the expert was aware of fabricated stories concocted by children in the past. The expert answered, "I had a case where there was fabrication, yes." On redirect examination, the prosecutor asked the expert whether she was aware of any percentages about how many cases are fabricated. Upon objection, the prosecutor explained that the door had been opened. The trial court overruled the objection and allowed the expert to answer. The reason why this is an invited response is because Hernandez elicited an admission that children may fabricate. The prosecutor was entitled to rehabilitate the expert to explain that fabrication was not common. There was no error.[1]

---

[1] We point out that even if there was error, and we hold there was not, the error was harmless. First, the expert's testimony was later ordered stricken from the record after Hernandez was able to get the expert to admit that she had no foundation for her one percent opinion. The trial court ordered that the jury not consider this testimony. Second, Hernandez put on his own expert witness during his case-in-chief who testified that "many" children falsify sexual assaults. If there was error in originally admitting the testimony, it was harmless

Next, Hernandez claims that testimony relating to the complainant's reputation for truthfulness was improper. Hernandez cites *State v. Anderson,* 163 Wis. 2d 342, 348, 471 N.W.2d 279, 281 (Ct. App. 1991), for the proposition that only when a witness's credibility for truthfulness is impugned by an attack on the witness's character for truthfulness may a court allow supportive character evidence. Hernandez argues that, during the State's case-in-chief, the State improperly adduced evidence designed to bolster the complainant's reputation for truthfulness even though he had not attacked her reputation. Hernandez claims that by allowing the State to improperly bolster the complainant's credibility with the character evidence, the trial court committed reversible error.

We are convinced, however, that *Anderson* was followed by the trial court in allowing the reputation evidence. The trial court correctly read *Anderson* to say that if "the trial court believes that the nature of the evidence and the tone of the examinations, when considered as a whole, are tantamount to an accusation that a witness is lying, the court may permit the introduction of supportive character evidence." *Id.* at 349, 471 N.W.2d at 281.

The trial court found that the tone of Hernandez's cross-examination was tantamount to an accusation that the complainant was lying. We uphold that discretionary determination. The nature of the evidence elicited from the complainant on cross-examination attempted to show that she was lying about various statements she made concerning the assault. Hernandez's counsel went so far as to suggest that the complainant had violated her oath at an earlier pro-

beyond any doubt. *See State v. Dyess,* 124 Wis. 2d 525, 543, 370 N.W.2d 222, 231-32 (1985).

ceeding. We agree with the State that this evidence, and other evidence we deem unnecessary to replicate here, plus the subjective assessment of the "tone" by the trial court, leads to the conclusion that the trial court's decision was a proper discretionary act.

Next, Hernandez complains about a hypothetical question involving the crime. All we need to say about this is that the issue is waived. He claims that the hypothetical asked of the state crime lab expert was irrelevant because all it did was ask if a certain result was "possible." Hernandez claims now that "possibilities" cannot aid a jury. At trial, however, Hernandez's sole objection to the hypothetical was an oblique reference to the "form" of the question and a query about whether the hypothetical was "consistent with that scenario? Does that mean it's possible?" He did not tell the trial court what he meant by that remark, nor did he object to the hypothetical being asked in terms of possibilities. The objection was confusing and not of the type that would accurately inform the court as to the nature of the objection. *See Vollmer v. Luety*, 156 Wis. 2d 1, 10-11, 456 N.W.2d 797, 801-02 (1990). Waiver occurred.

Finally, Hernandez argues that the verdict forms violated his constitutional right to a unanimous verdict. He cites a decision of this district, *State v. Marcum,* 166 Wis. 2d 908, 480 N.W.2d 545 (Ct. App. 1992), in support. He correctly reads *Marcum* to say that where there are multiple counts of sexual assault, the verdict forms must adequately distinguish between the separately charged counts. *Id.* at 923, 480 N.W.2d at 553. That this is the holding of *Marcum* there can be no doubt.

However, Hernandez then asserts that the verdict forms relating to the two counts in this case violate

*Marcum*. He contends that the verdict forms should have informed the jury about the location of the sexual contact and the specific kind of contact that was the subject of each count.

We do not agree that the verdict forms violated *Marcum*. The verdict forms had the appropriate markers from which to distinguish the two counts. One of the forms concerned an incident occurring at a park and the other concerned an incident occurring behind the complainant's home. This is sufficient to inform the jury of the difference in the two verdict forms.

*By the Court.*—Judgment and order affirmed.