STATE of Wisconsin, Plaintiff-Respondent,

v.

Juan EUGENIO, Defendant-Appellant-Petitioner.

Supreme Court

*No. 96–1394–CR. Oral argument April 9, 1998.—Decided June 25, 1998.*

(Also reported in 579 N.W.2d 642.)

For the defendant-appellant-petitioner there were briefs and oral argument by *Eduardo M. Borda*, Milwaukee.

For the plaintiff-respondent the cause was argued by *Paul Lundsten*, assistant attorney general, with whom on the brief was *James E. Doyle*, attorney general.

¶ 1. ANN WALSH BRADLEY, J. The defendant, Juan Eugenio, seeks review of a published decision of the court of appeals[1] that affirmed the defendant's conviction for first-degree sexual assault of a minor. The defendant argues that the circuit court erred in allowing the State to offer character evidence of a victim's truthfulness and in introducing evidence of the victim's prior consistent oral statements under the "rule of completeness." The defendant also asserts prosecutorial misconduct arising from the State's failure to encourage the victim to cooperate with a defense investigator prior to trial. Because we determine that the circuit court properly admitted both the character evidence and the complete prior statements, and because we discern no legal basis for a claim of prosecutorial misconduct, we affirm the decision of the court of appeals.

I.

¶ 2. The defendant was charged with one count of first-degree sexual assault of a child and one count of "threats to injure," contrary to Wis. Stat. §§ 948.02(1)[2]

---

[1] *State v. Eugenio*, 210 Wis. 2d 347, 565 N.W.2d 798 (Ct. App. 1997)(affirming order of Circuit Court for Kenosha County, David M. Bastianelli, Judge).

[2] Wis. Stat. § 948.02(1) provides:

**Sexual assault of a child. (1)** FIRST DEGREE SEXUAL ASSAULT. Whoever has sexual contact or sexual intercourse with

and 943.30(1),[3] respectively. The charges arose from an incident four years earlier in the spring of 1991 in which the defendant allegedly sexually abused a six-year-old child, and then threatened to kill her if she told anyone.

¶ 3. As part of the pretrial investigation, the defendant's attorneys asked the victim's mother to allow the child to speak with a defense investigator. The victim's mother contacted the district attorney's office, which arranged for the meeting to occur in that office. At the scheduled meeting between the investigator and the child, an assistant district attorney neither actively encouraged cooperation with the defense nor discouraged such cooperation. She advised the victim's mother that the defense investigator was present to elicit information from the child for later use in court. The mother subsequently refused to allow her child to be questioned by the investigator, concluding that the investigator's purpose was to "mess up" her daughter.

¶ 4. The defendant then asked the circuit court to dismiss the case, asserting that the assistant district attorney's actions constituted prosecutorial misconduct. The defendant claimed that under the standards of conduct adopted in *State v. Simmons*, 57 Wis. 2d 285,

---

a person who has not attained the age of 13 years is guilty of a Class B felony.

Unless otherwise noted, all statutory references are to the 1991–92 volumes.

[3] Wis. Stat. § 943.30(1) provides in pertinent part:

**Threats to injure or accuse of crime. (1)** Whoever, either verbally or by any written or printed communication, maliciously. . .threatens or commits any injury to the person. . .of another, with intent thereby to extort money or any pecuniary advantage whatever, or with intent to compel the person so threatened to do any act against the person's will or omit to do any lawful act, is guilty of a Class D felony.

203 N.W.2d 887 (1973), the assistant district attorney had a duty to encourage the victim's cooperation with the defense investigation. The circuit court denied the request for dismissal.

¶ 5.   At trial, the defense highlighted in its opening statement what it considered to be inconsistencies in the victim's statements and the defense's theory that the victim made those statements to get attention. The defense continued this concentration on inconsistencies during its cross-examination of the victim.

¶ 6.   Considering defense counsel's assertions at opening statements to be an attack on the victim's character, the circuit court, pursuant to Wis. Stat. § 906.08(1), allowed the State to rehabilitate the victim's character by offering the testimony of the victim's school counselor. The counselor testified that in her opinion the victim was a truthful individual. Based on the rule of completeness, the circuit court also admitted the highlighted inconsistent statements in their entirety.

¶ 7.   The jury subsequently convicted the defendant of sexually assaulting the victim, but acquitted him of the "threat to injure" count. The circuit court then sentenced the defendant to 12 years in prison. The defendant appealed the conviction.

¶ 8.   The court of appeals affirmed. It concluded that the circuit court properly exercised its discretion in admitting the testimony concerning the victim's character for truthfulness. Next, the court of appeals determined that the victim's consistent oral statements were admissible under the rule of completeness as it exists in our common law. Finally, the appellate court concluded that the circuit court had not erred in denying the defendant's motion based on prosecutorial misconduct since the assistant district attorney had

not actively discouraged the victim's cooperation with the defense investigator and since no duty exists to actively encourage cooperation.

## II.

¶ 9. The defendant first challenges the circuit court's admission of character testimony offered by the State to rehabilitate the truthfulness of the victim under Wis. Stat. § 906.08(1). Pursuant to that statute:

> the credibility of a witness may be attacked or supported by evidence in the form of reputation or opinion, but subject to these limitations: a) the evidence may refer only to character for truthfulness or untruthfulness, and b), except with respect to an accused who testifies in his or her own behalf, evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.

Wis. Stat. § 906.08(1).

¶ 10. As a threshold matter, the parties dispute the standard of review by which we review a circuit court's determination that the character for truthfulness of a witness has been impugned in a manner sufficient for the party offering the witness to proceed under Wis. Stat. § 906.08(1).[4] The defendant asserts that we review such issues as a matter of law, while the State would have us consider the decision as a mixed question of law and fact.

---

[4] Except for minor textual differences and Wisconsin's broader allowance of character testimony where an accused testifies in his own behalf, Wis. Stat. § 906.08 and Federal Rule of Evidence 608 are identical.

398

¶ 11. A determination of whether a witness's character for truthfulness has been attacked in a manner sufficient to invoke Wis. Stat. § 906.08(1) necessarily requires a circuit court to weigh the impact of the proffered character allegations based on their content and the tenor with which they are offered. Thus, such inquires are circumstance dependent. *See* Federal Advisory Committee Note to Federal Rule of Evidence 608; Charles Alan Wright & Victor James Gold, *Federal Practice and Procedure* § 6116, at 66–73 (1993). Because we cannot suitably evaluate such factors based on a cold record, a circuit court's decision that a witness's character for truthfulness has been attacked is due the deference that this court normally awards evidentiary rulings. *See Michael R.B. v. State,* 175 Wis. 2d 713, 723, 499 N.W.2d 641 (1993).

¶ 12. However, we are also cognizant that a proper exercise of discretion requires the circuit court to apply the correct standard of law to the facts at hand. *See State v. Pharr,* 115 Wis. 2d 334, 342, 340 N.W.2d 498 (1983). Because determination of the proper legal standard to be applied by circuit courts faced with possible character attacks on witnesses requires interpretation of Wis. Stat. § 906.08, we conduct that portion of our review of this case as a matter of law. *See McEvoy v. Group Health Coop. of Eau Claire,* 213 Wis. 2d 507, 517, 570 N.W.2d 397 (1997). Accordingly, we determine that the issue in this case is a mixed question of fact and law and we turn to an examination of the facts and the proper test to be applied to those facts under Wis. Stat. § 906.08(1).

¶ 13. During opening statements, defense counsel highlighted several inconsistent statements made by the victim concerning the circumstances surround-

ing her alleged sexual abuse by the defendant. In concluding her opening arguments, defense counsel then stated that:

> [r]epeating a lie doesn't make it true. You will hear all these different versions because every time she's told someone the story has changed. What didn't change was the attention she got for telling the story, the excitement. . . .You will hear testimony that as a result of this disclosure police officers came to see her, social workers came to see her. She went to court. She met with victim witness people. She met with district attorneys. You will hear that she received a great deal of attention for this disclosure.

Defense counsel then focused her cross-examination of the victim on these same inconsistencies.

¶ 14.   Believing the defense counsel's tactics to be an attack on the character of the victim, the State offered the testimony of the victim's school counselor that the victim was a generally truthful individual. After consideration, the circuit court allowed the witness to opine as to the victim's truthfulness based on Wis. Stat. § 906.08(1). The circuit court made this ruling after finding that:

> the character has been attacked both in opening by defense counsel and in cross-examination, primarily opening, and I'm basing that on the following, not so much the questions being asked but on the opening it seemed to indicate certain improper motives dealing with her character, to get attention, etc., as it relates to making up or fabricating the story. . . .[T]herefore. . .the Court believes the character has been attacked and, consequently, would allow the basis of the opinion testimony.

400

In making this determination, the circuit court relied upon *State v. Eisenberg*, 48 Wis. 2d 364, 180 N.W.2d 529 (1970).

¶ 15.   As noted above, Wis. Stat. § 906.08(1) will allow a witness's penchant for truthfulness to be the topic of rehabilitative evidence only when "the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise." Wis. Stat. § 906.08(1). Application of this portion of the statute raises two legal questions. First, do assertions about a witness's character made during opening statements constitute an attack on the character for truthfulness of the witness "by opinion or reputation evidence or otherwise"? Second, assuming that the assertions made during opening statements can call a witness's character for truthfulness into question for Wis. Stat. § 906.08(1) purposes, what kind or degree of "attack" is necessary for the character of the witness to be implicated under Wis. Stat. § 906.08(1)?

¶ 16.   Wisconsin Stat. § 906.08(1) does not provide an exclusive list of the types of character attacks that fall within its bounds. The statute merely notes that the attack must be made "by opinion or reputation evidence or otherwise." There is no dispute that opening statements do not constitute "evidence" for purposes of the circuit court proceedings. *See Bridges v. State*, 247 Wis. 350, 370, 19 N.W.2d 529 (1945); *see also* Wis. JI—Crim 157 (remarks of counsel not evidence); *cf.* Wis. JI—Crim 160 (closing arguments not evidence). Accordingly, for an attorney's opening statements to implicate Wis. Stat. § 906.08(1), it must fit within the term "otherwise," an undefined term.

¶ 17.   Character evidence concerning truthfulness is "offered as circumstantial evidence from which the jury may infer that subject witness' truthfulness

(i.e., sincerity) at trial." 7 Daniel N. Blinka, *Wisconsin Practice: Evidence* § 608.1, at 296 (1991). While remarks of counsel during opening statements may not constitute evidence per se, such remarks about the character of a witness are assertions which reach the jury, who must then assess the character and credibility of the challenged witness. To refuse to allow a witness whose character has been attacked in such a manner to be rehabilitated would give attorneys unbounded license. *See also People v. Whiters*, 588 N.E.2d 1172, 1174 (Ill. 1992)("To hold otherwise would enable the defendant to get away with using her opening statement to vilify the victim's character and thus poison the water without offering any supporting evidence.").

¶ 18. Moreover, we note that courts have acknowledged that a character attack on a witness sufficient to invoke Wis. Stat. § 906.08(1) may arise from the circumstances in which an attack on a witness is made. *See Blakely v. Bates*, 394 N.W.2d 320 (Iowa 1986). Accordingly, where an attorney attacks the character for truthfulness of a potential witness in an opening statement, testimony presented to rehabilitate that witness may be appropriate. *See also United States v. Jones*, 763 F.2d 518, 522 (2d Cir. 1985); *United States v. Cruz*, 805 F.2d 1464 (11th Cir. 1986). We turn then to an examination of the nature of a circuit court's evaluation of such attacks.

¶ 19. It must be acknowledged from the beginning that Wis. Stat. § 906.08(1) is not intended to apply to a broad range of attacks on a witness's testimony. It is a narrow rule designed to be invoked only in limited situations. For instance, "proof that a witness made a prior inconsistent statement may show a poor memory

or inaccurate perception of events without impugning the witness' integrity or character for 'truthfulness.' " 7 Daniel D. Blinka, *Wisconsin Practice: Evidence,* § 608.1 at 298 (1991). Thus, contradiction in testimony is not to be equated pro forma with an attack on character. *See United States v. Thomas,* 768 F.2d 611 (5th Cir. 1985); *State v. Johnson,* 784 P.2d 1135 (Utah 1989).

¶ 20.   However, the question of what constitutes a character attack under Wis. Stat. § 906.08(1) remains. The defendant argues that the statute "does not call for the introduction of 'truthful character' evidence if the evidence only shows that a witness is lying in the pending case or that the witness may have a motive to lie in the instant case." Defendant's brief at 9. Rather, the defendant claims that Wis. Stat. § 906.08(1) rehabilitative testimony is allowable only where a witness's aggregate moral predisposition for untruthfulness is attacked.

¶ 21.   The State initially responds that "any time a party suggests that a witness is consciously lying. . .there is an unspoken assertion" that the witness has the character trait of untruthfulness. State's brief at 10. In the alternative, at oral argument the State agreed with the defense position that Wis. Stat. § 906.08(1) rehabilitative testimony is only allowable upon a general attack on the witness's character for truthfulness. Thus, in essence we are left to consider whether it is enough to assert that a witness is lying in a specific instance, or whether the witness must be attacked as a "liar" generally, and which of these scenarios happened in the case at bar.

¶ 22.   While we have not directly confronted this issue previously, the court of appeals in *Anderson* determined that whenever a circuit court "believes that the nature of the evidence and the tone of the examina-

tions, when considered as a whole, are tantamount to an accusation that a witness is lying, the court may permit the introduction of supportive character evidence." *State v. Anderson*, 163 Wis. 2d 342, 349, 471 N.W.2d 279 (Ct. App. 1991). Based on this language it is apparent that *Anderson* offers a rule that any time a witness is accused of lying in a particular instance, responsive evidence buttressing the witness's character for truthfulness is appropriate. This broad rule has subsequently been applied in *State v. Hernandez*, 192 Wis. 2d 251, 257, 531 N.W.2d 348 (Ct. App. 1995); *see also State v. Rochelt*, 165 Wis. 2d 373, 387, 477 N.W.2d 659 (Ct. App. 1991).

¶ 23.   Upon review, we reject the broad "tantamount to an accusation that a witness is lying" test laid out by the court of appeals and overrule both *Anderson* and *Hernandez*. An attorney may attack the veracity of a witness's statements, and the intent or motive with which the witness makes the statements, without calling into question the general character of a witness for truthfulness. *See United States v. Dring*, 930 F.2d 687, 690–92 (9th Cir. 1991)(distinguishing between direct attacks on testimony and indirect attacks on character for truthfulness); *State v. Ross*, 685 A.2d 1234, 1236–37 (N.H. 1996); *Pierson v. Brooks*, 768 P.2d 792 (Idaho App. 1989); *State v. Carr*, 725 P.2d 1287 (Or. 1986).

¶ 24.   Character is evinced by a pattern of behavior or method of conduct demonstrated by an individual over the course of time. Thus, allegations of a single instance of falsehood cannot imply a character for untruthfulness just as demonstration of a single instance of truthfulness cannot imply the character trait of veracity. Viewing the attack on a witness in its

context, the circuit court must believe that a reasonable person would consider the attack on the witness to be an assertion that the witness is not only lying in this instance, but is a liar generally. Only in such circumstances will rehabilitative evidence under Wis. Stat. § 906.08(1) be appropriate.

¶ 25. Having narrowed the interpretation of the scope of evidence admissible under Wis. Stat. § 906.08(1), we reaffirm that the determination of whether the character of truthfulness of a witness is being challenged is a matter left to the proper discretion of the circuit court. This determination is not dependent upon particular labels placed on witnesses or even express accusations of untruth. Rather, the inquiry is to be conducted by the circuit court based on the substance of the character allegations offered and on the manner and tenor in which the attack on the witness's character for truthfulness is presented.

¶ 26. Having established this method of evaluation, we next consider the circuit court's actions in this case. The circuit court admitted the rehabilitative character evidence based on its evaluation of the defendant's opening statement and its interpretation of Wis. Stat. § 906.08(1), viewed in light of *Eisenberg*. The circuit court apparently did not consider the broad test laid out in *Anderson*.

¶ 27. This court handed down *Eisenberg* three years prior to this court's promulgation of the Wisconsin Rules of Evidence and their subsequent codification. *See Eisenberg*, 48 Wis. 2d at 378; *Wisconsin Rules of Evidence*, 59 Wis. 2d R171 (1973). In *Eisenberg*, the circuit court determined that improper testimony by a witness about another witness's reputation for truth justified the State's attempts under the

common law to rehabilitate that witness with additional character testimony. In *Eisenberg* the attack on the witness was an express attack on the witness's character for truthfulness, not a single instance of lying.

¶ 28.   As such, *Eisenberg* is consistent with our decision today. Neither the circuit court's reference to *Eisenberg* nor its failure to apply the now-rejected test in *Anderson* creates an error of law requiring correction by this court. The circuit court here determined that the victim's character for truthfulness was under attack through assertions that the victim repeatedly lied to gain attention. Like the court of appeals, we conclude this determination was not an erroneous exercise of discretion.[5]

## III.

¶ 29.   The defense did not confine its attack on the victim to assertions of untruthfulness during opening statements. The defense also extensively cross-examined the victim about perceived inconsistencies in her statements to other individuals about the abuse. The highlighted inconsistencies addressed such factual

---

[5] At oral argument, the defendant repeatedly alleged that the circuit court's ruling on this issue improperly bolstered the victim's allegations in a case almost entirely dependent upon the testimony of the respective parties. While there was admittedly little corroborative evidence in this case, the admission of the Wis. Stat. § 906.08(1) character evidence at trial, a decision we have already ruled not error, was in direct response to defense counsel's character attack on the victim. To allow such character attacks to go unanswered would instead improperly bolster the case of the defendant. The circuit court's ruling merely redressed the balance.

issues as the time of year that the abuse occurred, the victim's grade in school at that time, and the circumstances leading up to the defendant's alleged abuse of the victim. In response, the circuit court permitted the State to offer the challenged statements in their entirety, to show consistency on significant factual issues. The circuit court based its admission of the statements on the rule of completeness.

¶ 30. The rule of completeness is codified at Wis. Stat. § 901.07. The statute provides that:

> When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the party at that time to introduce any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

Wis. Stat. § 901.07.[6] The statute codifies in part the earlier common law rule of completeness recognized by this court. *See State v. Hill*, 30 Wis. 416, 421 (1872); *Wisconsin Rules of Evidence*, 59 Wis. 2d R1, R22 (1973). While Wis. Stat. § 901.07 references only written or recorded statements, the court in *State v. Sharp*, 180 Wis. 2d 640, 511 N.W.2d 316 (Ct. App. 1993), determined that a common law rule of completeness continues to exist for oral statements in Wisconsin.

¶ 31. The defendant challenges the continuing validity of *Sharp*, claiming that one of the cases relied upon by *Sharp*, *United States v. Castro*, 813 F.2d 571 (2d Cir. 1987), has since been called into question by the federal courts. The defendant also asserts that federal cases confining the rule of completeness to written and recorded statements, as it exists at FRE 106, should be persuasive precedent and that applying the

---

[6] The terms of Wis. Stat. § 901.07 are identical to FRE 106.

rule to oral statements allows improper circumvention of the hearsay rule.

¶ 32.   While we agree with the end result reached by the court of appeals in *Sharp*, we apply different reasoning. Wisconsin Stat. § 901.07 applies to written and recorded statements. *See* Wis. Stat. § 901.07. However, the real question debated by the parties is whether any form of the common law rule of completeness, which included oral statements, survived codification of Wis. Stat. § 901.07.

¶ 33.   We determine that we need not reach back to the common law rules of evidence for resolution of this inquiry. The rule of completeness, as it has historically applied to oral statements under the common law, is encompassed within the bounds of the codified Wisconsin Rules of Evidence. Wisconsin Stat. § 906.11 states in pertinent part:

> (1)   CONTROL BY JUDGE. The judge shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (a) make the interrogation and presentation effective for the ascertainment of the truth, (b) avoid needless consumption of time, and (c) protect witnesses from harassment or undue embarrassment.

Wis. Stat. § 906.11(1). With the substitution of the word "judge" for "court," the provision is identical to FRE 611(a).

¶ 34.   When examining the rule of completeness the federal courts have recognized that FRE 106 codifies only part of the rule of completeness—written and recorded statements. *See United States v. Wilkerson*, 84 F.3d 692, 696 (4th Cir. 1996). "Inherent within this concept [of the rule of completeness] is the notion that

fairness should prohibit a party from presenting an inaccurate depiction of an event through the admission of partial evidence which is taken out of context." 171 F.R.D. 330, 337 (1997).

¶ 35.   The rationale of the rule of completeness for writing is equally applicable to oral statements.

> Where the examination concerns a writing or recorded statement, or part thereof, the procedures to be employed are set forth in W.S.A. 901.07. It is for the trial judge to determine whether the additional material "ought in fairness" to be considered contemporaneously with the information conveyed by the proponent. The judge may consider the adequacy of a delayed examination in forestalling the misimpression. . . .W.S.A. 901.07 allows the introduction of other parts of the writing or recorded statement, or additional writings or recorded statements, as long as the material is needed to provide the context.
>
> The contemporaneous admissibility of other parts of an oral conversation should be governed by the same standards. The court's authority to make such orders is grounded in its power to control the mode and order of interrogation in order to effectively ascertain the truth, as provided in W.S.A. 906.11

7 Daniel D. Blinka, *Wisconsin Practice: Evidence* § 107.1, at 32 (1991).

¶ 36.   The federal courts have acknowledged that the rule of completeness is " 'substantially applicable to oral testimony, as well' by virtue of Fed. R. Evid. 611(a), which obligates the court to 'make the interrogation and presentation effective for the ascertainment of the truth.' " *United States v. Mussaleen,* 35 F.3d 692, 696 (2d Cir. 1994)(quoting *United States v. Alvarado,* 882 F.2d 645, 650 n.5 (2d Cir. 1989)); *see Castro,* 813

F.2d at 576–77; *United States v. Range*, 94 F.3d 614, 621 (11th Cir. 1996); *United States v. Li*, 55 F.3d 325, 329 (7th Cir. 1995); *United States v. Haddad*, 10 F.3d 1252, 1258 (7th Cir. 1993). We agree and determine that FRE 611(a)'s state. law equivalent, Wis. Stat. § 906.11(1), also encompasses the rule of completeness for oral statements.

¶ 37.  The rule of completeness for written statements as set forth in Wis. Stat. § 901.07 and the oral rule of completeness in Wis. Stat. § 906.11(1) are both designed to make the presentation of evidence fair and effective in order to ascertain the truth. As noted by the United States Supreme Court in *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 172 (1988):

> In proposing Rule 106, the Advisory Committee stressed that it 'does not in any way circumscribe the right of the adversary to develop the matter on cross-examination or as part of his own case.' We take this to be a reaffirmation of the obvious: that when one party has made use of a portion of a document, such that misunderstanding or distortion can be averted only through presentation of another portion, the material required for completeness is ipso facto relevant and therefore admissible under Rules 401 and 402.

*Id.* (internal citations omitted).

¶ 38.  Thus, the need for completeness in order to avert distortion may "compel the judge to permit the presentation of additional testimony to tell the whole story that was partially told by the opposing party [as] an issue of logical relevance and fairness. . . ." 171 F.R.D. 330, 338 (1997). Indeed, "[w]hile FRE 106 reaches only written or recorded statements, there is little doubt that a court can apply the underlying principle to oral statements as well. Basic notions of

relevancy embodied in FRE 401–403, coupled with the authority of the court to control the presentation of evidence in the interest of clarity and order under FRE 611, suggest as much." Christopher B. Mueller & Laird C. Kirkpatrick, 1 *Federal Evidence* § 45, at 250 (2d ed. 1994).[7]

■

¶ 39.   All relevant evidence is admissible unless otherwise provided by law. *See* Wis. Stat. § 904.02. The critical consideration in rule of completeness cases is whether the part of the statement offered into evidence creates an unfair and misleading impression without the remaining statements. Where a distortion can be averted, the material required for completeness is relevant to a fair representation. Thus, the evidence is admissible unless otherwise proscribed by law.

¶ 40.   The defendant alleges that the hearsay rules block admittance of the evidence at issue here. However, where the evidence is offered not to prove the truth of the matter asserted, but rather for some other purpose, such as providing a fair context on which the trier of fact can evaluate the evidence already offered by the opposing party, the evidence is by definition not hearsay. *See* Dale A. Nance, *A Theory of Verbal Completeness*, 80 Iowa L. Rev. 825, 840–41 (1995). In other cases, where the evidence may fall within the classic definition of hearsay, the circuit court in its discretion

---

[7] While the defendant is correct to assert that *United States v. Bigelow*, 914 F.2d 966 (7th Cir. 1990), refused to apply the rule of completeness for oral statements indicated in *Castro*, *Bigelow* did not reject *Castro*'s holding. Rather, the *Bigelow* court refused to admit an oral statement under the rule of completeness because such an admission would have adversely affected the right to a fair trial of a co-defendant. *See Bigelow*, 914 F.2d at 972.

may determine whether the fairness requirement of the rule of completeness outweighs the principles underpinning the exclusionary rules and permits the trier of fact to consider the additional offer of oral statements. *See id.* at 839–41; Dale A. Nance, *Verbal Completeness and Exclusionary Rules Under the Federal Rules of Evidence*, 75 Tex. L. Rev. 51, 85–86 (1996); *see also Rokus v. Bridgeport*, 463 A.2d 252, 256 (Conn. 1983).

¶ 41.    The rule of completeness, however, should not be viewed as an unbridled opportunity to open the door to otherwise inadmissible evidence. Under the rule of completeness the court has discretion to admit only those statements which are necessary to provide context and prevent distortion. The circuit court must closely scrutinize the proffered additional statements to avert abuse of the rule. As the court noted in *Wikrent v. Toys R Us, Inc.*, 179 Wis. 2d 297, 309–10, 507 N.W.2d 130 (Ct. App. 1993) *overruled on other grounds, Steinberg v. Jensen*, 194 Wis. 2d 439, 534 N.W.2d 361 (1995), "an out-of-court statement that is inconsistent with the declarant's trial testimony does not carry with it, like some evidentiary Trojan Horse, the entire regiment of other out-of-court statements that might have been made contemporaneously."

¶ 42.    Because we determine that the common law rule of completeness as applied to oral statements is codified as part of Wis. Stat. § 906.11, circuit courts confronted with such evidentiary issues need not retreat to the common law and should focus their analysis of the admissibility of oral rule of completeness evidence on the dictates of Wis. Stat. § 906.11. In this case the circuit court did not err in exercising its discre-

tion to admit the additional statements under the rule of completeness.

## IV.

¶ 43. Finally, the defendant contends that the circuit court should have dismissed his case based on prosecutorial misconduct when the State failed to encourage the victim or her mother to cooperate with the defense investigation. In support of his claim that the State is under a duty to encourage witness cooperation, the defendant points to our adoption in *Simmons* of Standard 3.1(c) of the American Bar Association Project for Standards for Criminal Justice, *Standards Relating to the Prosecution Function*. The standard provides that:

> A prosecutor should not discourage or obstruct communication between prospective witnesses and defense counsel. It is unprofessional conduct for the prosecutor to advise any person or cause any person to be advised to decline to give the defense information which he has the right to give.

*Simmons*, 57 Wis. 2d at 292 (quoting *Standards Relating to the Prosecution Function and the Defense Function*, Standard 3–3.1(c)).

¶ 44. In particular, the defendant focuses his reliance upon the commentary to the attached standard which indicates that:

> In the event a witness asks the prosecutor or defense counsel. . .whether it is proper for the witness to submit to an interview by opposing counsel or whether he is under a duty to do so, the witness should be informed that, although he is not under a legal duty to submit to an interview, it is proper and may be the duty of both counsel to interview all

413

persons who may be witnesses and that it is in the interest of justice that the witness make himself available for interview by counsel.

*Id.* at 293.

¶ 45.    Reading these provisions together, the defendant objects to the assistant district attorney's alleged statements to the victim's mother which led the mother to believe that the purpose for the defense interview of her daughter was to obtain inconsistent statements with which to attack the daughter's credibility at trial. The defendant asserts that under the standard and its commentary the State was required to advise the victim's mother that the defense was obligated to interview the victim and that it is in the interests of justice that the victim make herself available to the defense.

¶ 46.    This court explicitly adopted the language of standard 3.1(c) into the law of Wisconsin in *State v. Simmons. See Simmons*, 57 Wis. 2d at 293. In contrast, while we also referenced and quoted the official commentary to Standard 3.1(c) in *Simmons*, we did not expressly adopt that commentary in *Simmons* in the manner in which we adopted the standard itself. *See id.* at 292–93.

¶ 47.    While the defendant would have us conclude that our prior discussion of the commentary was in fact the equivalent of adopting that commentary, we decline to do so. In rendering decisions this court examines a wide variety of learned legal sources not previously incorporated into the corpus of our law. While such sources may provide guidance in particular cases, and may even be labeled "persuasive authority" on occasion, to declare such sources the law of Wisconsin absent our express adoption would ascribe to these sources a superior status to which they are not entitled.

*See, e.g., Paulson v. Olson Implement Co., Inc.*, 107 Wis. 2d 510, 523–24, 319 N.W.2d 855 (1982); *Dippel v. Sciano*, 37 Wis. 2d 443, 459, 155 N.W.2d 55 (1967); *Collins v. Eli Lilly Co.*, 116 Wis. 2d 166, 196, 342 N.W.2d 37 (1984).

¶ 48.  In the alternative, the defendant asks us to explicitly adopt the commentary to Standard 3.1(c) today and find in his favor on that basis. We note, however, that the commentary that the defendant would have us adopt was modified in 1993. The commentary as revised now reads in part:

> [T]he witness should be informed that there is no legal obligation to submit to an interview. It is proper, however, and may be the duty of both counsel in certain cases to interview all persons. . . .

Commentary to American Bar Association Standards for Criminal Justice, *Prosecution Function Standards* 3.1, at 50 (3d ed. 1993).

¶ 49.  Thus, even were we to accept the defendant's argument and adopt the revised commentary, our result would be no different. The revised commentary does not support the defendant's argument that prosecutors remain under an affirmative duty to encourage witnesses to participate or to inform witnesses that it is in the interests of justice that they make themselves available to the defense. *See* Commentary to American Bar Association Standards for Criminal Justice, *Prosecution Function Standards* 3.1, at 50 (3d ed. 1993).

¶ 50.  However, while we do not adopt the commentary, we note that prosecutors continue to be bound by the standard itself, as adopted in *Simmons*. As the representative of the State, prosecutors are in a unique position to influence witnesses. Allowing prose-

cutors to discourage witnesses from communicating with the defense and from cooperating in the resolution of criminal matters would impede the efficient administration of justice in this state. Prosecutors are in the business of justice, not in the business of convictions.[8]

██

¶ 51.   While prosecutors may not discourage witnesses from cooperating with the defense, they are also not under an affirmative legal duty to encourage such cooperation. We did not in the past adopt the commentary to Standard 3.1(c). Because the commentary has been amended, it no longer supports the defendant's argument that prosecutors are under an affirmative duty to encourage witness cooperation in every case. Accordingly, we determine that there was no prosecutorial misconduct and the circuit court correctly denied the defendant's motion for dismissal.

## V.

¶ 52.   Upon review we conclude that the circuit court did not err in admitting the disputed evidence. The circuit court determined that defense counsel's assertions during opening statements constituted a general character attack and appropriately allowed rehabilitative testimony under Wis. Stat. § 906.08(1). In addition, because Wis. Stat. § 906.11 codifies the rule of completeness as applied to oral statements, the circuit court correctly admitted the victim's disputed statements in their entirety to provide context. Finally,

---

[8] The State acknowledged at oral argument that when a prosecutor is faced with a witness inquiry, it is appropriate for the prosecutor to present the witness with three options: to meet with the defense investigator, to meet with the investigator in the presence of someone from the prosecutor's office, or to decline to meet with anyone from the defense.

because a prosecutor is under no legal duty to actively encourage participation of a witness in a defense investigation, and because the prosecutor here did not actively discourage the victim's cooperation, the defendant's claim of prosecutorial misconduct must fail. Accordingly, the decision of the court of appeals is affirmed.

*By the Court.*—The decision of the court of appeals is affirmed.